**John O'QUINN, Plaintiff—Appellant,**

v.

**Joyce Raley TEEL; et al., Defendants—Appellees.**

No. 03–16242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided April 5, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Larry L. Baumbach, Law Offices of Larry L. Baumbach, Chico, CA, for Plaintiff–Appellant.

Mark H. Van Brussel, Esq., Samuel T. McAdam, Esq., Seyfarth Shaw Fairweather & Geraldson, Sacramento, CA, for Defendant–Appellee.

Before: THOMAS, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM*

In this civil rights action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act ("FEHA"), age discrimination in violation of the Age Discrimination in Employment Act of 1967 and FEHA, and breach of contract, Plaintiff John O'Quinn appeals the district court grant of summary judgment to defendants.[1]

We review the district court's grant of summary judgment *de novo*. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). Viewing the evidence in the light most favorable to the nonmoving party, we conclude that there are genuine issues of material fact and reverse the grant of summary judgment as to O'Quinn's race discrimination claim. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir.2003).[2]

Applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court correctly concluded that O'Quinn established a prima facie case of race discrimination. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441–42 (9th Cir.1995). "The burden therefore shifted to respondent to 'produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondis-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In his appeal, O'Quinn does not challenge the district court's adverse summary judgment ruling on the breach of contract and age discrimination claims. Therefore, we do not address these claims.

2. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our disposition.

criminatory reason.' " *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (alteration in original). Raley's proffered a legitimate, nondiscriminatory reason for not promoting O'Quinn—that O'Quinn was less qualified than the chosen candidates.

Once the defendant has produced evidence of a nondiscriminatory reason, the burden shifts back to the plaintiff to show that " 'the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.' " *Reeves,* 530 U.S. at 143, 120 S.Ct. 2097 (quoting *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089). "[A] plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1127 (9th Cir. 2000).

O'Quinn relies upon circumstantial evidence to show that Raley's nondiscriminatory reason was pretextual and that race was a motivating factor in the promotion process. O'Quinn first presented evidence of his thirty years of experience working in various departments and holding positions that required management and customer service skills. As O'Quinn points out, in evaluating the qualifications of promotional candidates, Raley's engaged in a highly subjective process. In such circumstances, this court has recognized that because subjective practices are "particularly susceptible to discriminatory abuse," they should be "closely scrutinized." *Warren,* 58 F.3d at 443 (citation omitted). Further, "whether [O'Quinn was] as qualified as any of the promotion recipients is a factually intensive question best resolved by the jury." *Lyons v. England,* 307 F.3d 1092, 1117 (9th Cir.2002).

In addition to the evidence of his qualifications, O'Quinn offered circumstantial evidence of racial discrimination. Ron Hensley, O'Quinn's supervisor, told O'Quinn that under no circumstances would he ever allow himself to be bossed around by a black man. Whether Raley's "sufficiently insulated the decision-making process from [Hensley's] discriminatory remarks" is a question that should be left to the factfinder. *See Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1411 (9th Cir.1996). Similarly, on two occasions the former Oroville store manager, Bob George, informed O'Quinn that O'Quinn could not be promoted to head clerk on the day shift because of the risk that O'Quinn could not handle an irate customer who might call him a "nigger." [3]

O'Quinn also offered evidence showing that he was subjected to racial comments in the workplace. Although these comments are not directly tied to the decision-making process, we have recognized that such remarks may be part of the cumulative evidence of pretext. *See, e.g., McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1123–24 (9th Cir.2004); *Bergene v. Salt River Project Agric. Imp. & Power Dist.,* 272 F.3d 1136, 1143 (9th Cir.2001). Finally, as additional evidence of racial discrimi-

---

**3.** In the context of a summary judgment motion, the district judge's characterization of this comment as "entirely appropriate" because George was "questioning [O'Quinn's] reaction to a difficult situation" was improper. In characterizing this comment as "appropriate," the district judge failed to view the evidence in the light most favorable to the non-moving party. *See Chuang,* 225 F.3d at 1129 (holding that the district court erred in drawing an inference that a racial comment was humorous).

nation at Raley's, O'Quinn points to the fact that he was the only African American candidate and that there were no African American supervisors at the Oroville store, the two Chico stores, or the Yuba City store. *See Bergene*, 272 F.3d at 1143; *Chuang*, 225 F.3d at 1127.

In light of the evidence offered by O'Quinn, viewed in the aggregate, we conclude that O'Quinn has raised triable issues of fact as to pretext and discriminatory intent. *See Chuang*, 225 F.3d at 1129. We therefore reverse the district court's grant of summary judgment as to O'Quinn's claim of race discrimination.

REVERSED AND REMANDED.

CALLAHAN, Circuit Judge, dissenting.

I respectfully dissent.

O'Quinn has not raised a triable issue on the question of pretext. When an employer has met its burden of production under the burden shifting framework of *McDonnell Douglas* to articulate a non-discriminatory reason for its hiring decision,[1] the factual inquiry proceeds to a new level of specificity to prove pretext. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The inquiry turns from the generalized factors that establish a prima facie case "to the specific proofs and rebuttals of discriminatory motivation the parties have introduced." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 516, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Pretext means "pretext for discrimination." *Id.*

Proof of pretext requires more than a prima facie showing of general discrimination. The plaintiff must establish, either through circumstantial or direct evidence,

that the defendant intentionally discriminated against him or her. *Id.* at 519. An employer's non-discriminatory reason cannot be "proved to be 'a pretext for discrimination' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Id.* at 515 (emphasis in original).

Raley's stated that it did not promote O'Quinn because there were other, more qualified candidates with recent management experience who had applied for the positions. The evidence in the record shows that the candidates who were promoted had more extensive and recent management and customer service experience than O'Quinn. Additionally, they had distinguished themselves either in customer service or commitment to the company in ways that O'Quinn had not. O'Quinn offered no evidence to refute these facts.[2]

Moreover, no member of the hiring panel made racially offensive remarks to O'Quinn. Indeed, the record establishes that racially offensive remarks occurred infrequently over the course of O'Quinn's thirty years with the company, and that O'Quinn did not report or complain about the remarks. Since there is no evidence that Raley's explanation is false or otherwise questionable, the evidence of infrequently made, racially offensive remarks by non-decision makers does not suggest that Raley's stated reason was a pretext for discrimination.

I would affirm the district court's grant of summary judgment because O'Quinn did not raise a triable issue on the question of pretext.

---

1. *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)

2. In fact, O'Quinn took himself out of the running for three of the four positions by stating that he was only interested in working at the Oroville store.